IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PRINCE MUJAHID, a/k/a
Kim Norvette Little,

   Plaintiff,

v.

   CIVIL ACTION NO.: CV613-018

JOHN PAUL, Deputy Warden,

   Defendant.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Little v. Bolden, 1:06-CV-0065 (N.D. Ga. Oct. 16, 2006) (dismissed as frivolous); (2) Little v. Freeman, 1:06-CV-0917 (N.D. Ga. July 14, 2006) (dismissed as frivolous); and (3) Little v. Doe, 1:05-CV-0050 (N.D. Ga. Jan. 28, 2005) (dismissed for failure to state a claim).[1]

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the

---

[1] A review of Plaintiff's filings also reveals that he is also known as "Kim Norvette Little". The Clerk of Court is directed to place Plaintiff's alias upon the docket of this case.

AO 72A
(Rev. 8/82)

past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff contends that another inmate attacked him on November 3, 2012, based on a threat he received in September 2012. Plaintiff asserts that Defendants were aware of this threat and ignored it.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on February 19, 2013.[2] The Court **VACATES** its February 21, 2013, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 14th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes Plaintiff's Declaration and exhibit he submitted on March 7, 2013. (Doc. No. 8). The witness statement is dated February 13, 2013, and is addressed to Defendant Brewton. However, the assertions made in this statement do not reveal that Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint. The undersigned also notes that Plaintiff's original Complaint is dated January 29, 2013, which predates this witness statement. (Doc. No. 1, p. 14). In addition, this statement contains allegations which appear to be unrelated to those made in the original Complaint. FED. R. CIV. P. 20.